17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jesse WILSON; Tawana Wilson, personal representative of the
Estate of Jesse Wilson, deceased, Plaintiffs-Appellants,
v.
MUNICIPALITY OF ANCHORAGE, et al.; Anchorage Fire
Department; International Association of Fire
Fighters, Local 1264; Jermain,
Dunnagan, Owens, P.C.,
Defendants-Appellees.
 Nos. 92-36885, 93-35344, 93-35345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.*
Decided Feb. 11, 1994.
 
 Before: REAVLEY,** SKOPIL, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This appeal by Jesse Wilson is from the district court's entry of summary judgment in favor of appellees: the Municipality of Anchorage ("the MOA"), the Anchorage Fire Department (the "AFD"), the International Association of Firefighter's, Local 1264 ("the union"), and the union attorneys, Jermain, Dunnagan and Owens ("JDO").
 
 
 3
 Jesse Wilson, a black fire inspector for the city of Anchorage, voluntarily terminated his employment and moved to California. Wilson returned to Alaska in less than a year and was rehired as a "Firefighter III," a position one step below that of inspector. Wilson argues that under Labor Union contract provisions, Alaska law and the Fourteenth Amendment, he should have been rehired as an inspector. In the alternative, he alleges he should have subsequently been preferentially promoted to fire inspector. Wilson contends that the city rehired him as a firefighter (instead of as an inspector) in agreement with the union, JDO, and the AFD, because of a civil conspiracy pursuant to 42 U.S.C. Sec. 1983, which Wilson claims deprived him of his constitutional rights to due process and equal protection. The district court rejected Wilson's claims and entered summary judgment in favor of the defendants. We affirm.
 
 
 4
 1. A plaintiff cannot survive a motion for summary judgment in a civil rights action without offering some supporting evidence of a civil rights violation. Coverdell v. Department of Social & Health Serv., 834 F.2d 758, 769 (9th Cir.1987). Conclusory allegations of discrimination are insufficient. Meiri v. Dacon, 759 F.2d 989, 998 (2dCir.), cert. denied, 474 U.S. 829 (1985). Here, Wilson did not offer anything other than "conclusory allegations," and admitted in his deposition that he could not point out anything particular that indicated discrimination. Wilson argues on appeal that he was forced to undergo numerous tests, such as the Standard Physical Abilities Screening Exercise Test, in order to be rehired as a firefighter, but this test is routinely administered to all firefighters applying for a fire suppression position. Wilson failed the test twice and was allowed to retake it until he passed. No discrimination may be inferred there. Furthermore, a minority was hired in one of the available inspector positions that Wilson claims he did not receive. Wilson does not present any evidence tending to prove that a racially discriminatory purpose was behind the rehire agreement; he only alleges a "conspiracy." A mere allegation of conspiracy will not save the nonmovant from summary judgment. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983).
 
 
 5
 2. Wilson also argues a breach of the Collective Bargaining Agreement and Personnel Rules under state law. We need not discuss these claims as they were not adjudicated in the district court and were dismissed without prejudice. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966).
 
 
 6
 The summary judgment in favor of all defendants, including the law firm of the union, are affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3